**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4218**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JERRY HOLLINGSWORTH, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00236-TDS-1)

Submitted: September 18, 2018          Decided: September 20, 2018

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Kelley Patricia Kennedy Gates, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Hollingsworth, Jr., pleaded guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and received a 151-month sentence. Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967) brief, finding no meritorious issues, but questioning whether Hollingsworth was properly sentenced as a career offender. Counsel acknowledges that the issue is foreclosed by *United States v. Gattis*, 877 F.3d 150, 154-60 (4th Cir. 2017) (holding that North Carolina common law robbery constitutes "robbery" as enumerated in post-August 2016 amended version of USSG § 4B1.2(a)(2)), *cert. denied*, 138 S. Ct. 1572 (2018). Hollingsworth has filed a pro se supplemental brief alleging ineffective assistance of counsel because counsel did not fully inform him of the potential effect of *Gattis* prior to the Fed. R. Crim. P. 11 hearing. The Government declined to file a brief. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2012) factors, or failed to adequately explain its chosen sentence. *Id.* If we find the sentence procedurally reasonable, we then examine substantive reasonableness, considering the totality of the circumstances. *Gall*, 552 U.S. at 51. If the sentence is within the Guidelines range, we apply a presumption of reasonableness. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Hollingsworth's counsel found no fault in the calculation of the Sentencing Guidelines range and the sentence imposed. He pointed the court to Hollingsworth's objection to application of the career offender enhancement based in part on his North Carolina conviction for common law robbery. Counsel concedes that the challenge is not meritorious in light of *Gattis*, 877 F.3d at 154-60. We find no procedural error and conclude that Hollingsworth's sentence is also substantively reasonable. Hollingsworth presents no evidence to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

In his pro se supplemental brief, Hollingsworth alleges ineffective assistance of counsel related to counsel's alleged failure to properly inform Hollingsworth of the impact of the *Gattis* decision. This court does not address claims of ineffective assistance of counsel on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, a defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because nothing in the record conclusively shows that counsel was ineffective, Hollingsworth's claim is not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hollingsworth's conviction and sentence. This court requires that counsel inform Hollingsworth, in writing, of the right to petition the Supreme Court of the United States for further review.

3

If Hollingsworth requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hollingsworth.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*